UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSER HOLDINGS CA, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,<br><br>   Defendant. | Case No.  24-cv-09508-JSC<br><br>**ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 1 |

Plaintiff Houser Holdings CA, LLC, brings insurance coverage claims against Old Republic National Title Insurance Company ("Old Republic").  (Dkt. No. 1.)[1]  Plaintiff asserts the Court has jurisdiction over this case under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties.  (*Id.* ¶¶ 4-7.)  The complaint alleges Plaintiff "is a California limited liability company with its principal place of business in Willits, California."  (*Id.* ¶ 2.)  The complaint further alleges Old Republic "is a Florida corporation with its principal place of business in Tampa, Florida."  (*Id.* ¶ 3.)

Because "an LLC is a citizen of every state in which its owners/members are citizens," *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), Plaintiff's state of incorporation and principal place of business are irrelevant to the question of diversity jurisdiction.  Therefore, Plaintiff does not properly allege diversity jurisdiction.  No other basis for federal subject matter jurisdiction is clear from the complaint.

Accordingly, on or before February 13, 2025, Plaintiff shall make a supplemental filing setting forth the citizenship of each member of the LLC party.  *See Kokkonen v. Guardian Life*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (cleaned up); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

**IT IS SO ORDERED.**

Dated: January 28, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge